UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSEPH GIGANTINO,

                                Index No.: CV 14-3619

                Plaintiff,

vs.

TURNER CONSTRUCTION COMPANY and,
DELTA AIRLINES INC.


                Defendants.
-----------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and in SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR**


Date:   New York, New York
          January 22, 2015

## TABLE OF CONTENTS

Summary Statement ............................................................................................................................1

Factual Background..........................................................................................................................2

ARGUMENT ....................................................................................................................................3

    *Summary Judgment Standard*....................................................................................................3

    *Scaffold Law - New York Labor Law §240* ...............................................................................4

        a.   **Elements of the Scaffold Law Have Been Met by Plaintiff**..........................................6

        b.   **Mr. Gigantino's injuries are protected by Labor Law §240(1)**...................................7

        c.   **Defendants failed to provide Mr. Gigantino with an adequate safety device in violation of Labor Law §240(1)**...............................................................9

    *Labor Law §200(1) and §241(6)* ..............................................................................................18

**CONCLUSION**..............................................................................................................................24

i

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. International House*, 222 A.D.2d 237 (1st Dept 1995) ............................................ 3, 17
*Anderson v. Liberty Lobby,* Inc., 477 U.S. 242 (1986) .......................................................... 3
*Arrasti v HRH Constr., LLC*, 601 A.D.3d 582 (1st Dept 2009) ............................................... 8
*Auriemma v. Biltmore Theatre, LLC, 82 A.D. 3d 1 (1st Dept. 2011* ....................................... 10
*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 N.Y.3d 280 (2003) ............................. 10, 17
*Bland v. Manocherian*, 66 N.Y.2d 454 (1985) ........................................................................ 9
*Bradley v. Morgan Stanley & Co., Inc.*, 21 A.D.3d 866 (2d Dept. 2005) .............................. 17
*Carpio v Tishman Constr. Corp. of N.Y.*, 240 A.D.2d 234 (1st Dept 1997) ............................ 8
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................................ 3
*Chin-Sue v. City of New York*, 83 A.D.3d 643 (2d Dept. 2011) ............................................. 16
*Chledbowski v. Esber*, 58 A.D.3d 662, 663 (2d Dept. 2009) ................................................. 10
*Cody v. State of New York*, 52 A.D. 3d 930 (3d Dept. 2008). ................................................ 9
*Comes v. New York State Elec. & Gas Corp.*, 82 N.Y.2d 876, 877 (1993) ............................ 18
*Gallo v. Prudential Residential Services, Ltd. Partnership,* 22 F.3d 1219 (2d Cir. 1994) ..... 3
*Gaspar v. Pace University*, 101 A.D.3d 1073 (2d Dept 2012) .............................................. 16
*Godoy v. Neighborhood Partnership Housing Development Fund Co., Inc.*, 104 A.D. 3d 646 (2d Dept 2013) .................................................................................................................. 7
*Haimes v New York Tel. Co.*, 46 N.Y.2d 132 (1978) ............................................................. 11
*Hugo v. Saratakos*, 108 A.D.3d 744 (2d Dept 2013) ............................................................. 16
*Johnson v. Small Mall, LLC*, 79 A.D.3d 1240 (3d Dept 2010) ............................................... 9
*Kyle v. City of New York*, 268 A.D.2d 192, 195 (1st Dept 2000) ............................................ 7
*Laquidara v. HRH Const. Corp.* 283 A.D.2d 169 (1st Dept. 2001) ...................................... 17
*Lelek v Verizon N.Y., Inc.*, 54 A.D.3d 583 (1st Dept 2008) .................................................... 8
*Loiacano v. Lehr McGovern Bovis, Inc.*, 270 A.D.2d 464 (2d Dept 2000) ........................... 20
*Lombardi v Stout*, 80 N.Y.2d 290 (1992) ............................................................................... 7
*Macedo v. J.D. Posillico, Inc.*, 68 A.D. 508 (1st Dept. 2009) ............................................... 13
*Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* 475 U.S. 574 .................................... 3
*Melber v. 6333*, 91 N.Y.2d 759 (1998) .................................................................................. 10
*Miglionico v. Bovis Lend Lease, Inc.*, 47 A.D. 3d 561, 564 (1st Dept. 2008) ......................... 7
*Montgomery v. Federal Express Corp.*, 4 N.Y.3d 805 (2005) ............................................. 10
*Morin v Machnick Bldrs.*, 4 A.D.3d 668 (3d Dept 2004) ...................................................... 10
*Orellano v. 29 East 37th Street Realty Corp.*, 292 A.D.2d 289, 290 (1st Dept 2002) .... 13, 15
*Ortega v. Puccia*, 57 A.D.3d 54 (1st Dept. 2008) ............................................................ 18, 19
*Prekulaj v Terano Realty*, 235 A.D.2d 201 (1st Dept 1997) .................................................. 7
*Reynoso v. Bovis Land Lease, Lmb, Inc.*, 39 Misc. 3d 1224(A) (Sup. Ct. 2013). ................. 23
*Rizzuto v. L.A. Wenger Contr. Co.*, 91 N.Y.2d 343 (1998) .................................................. 18
*Robinson v. East Med. Ctr., LP*, 6 N.Y. 3d 550 *(2006)* ................................................... 10, 20
*Rocovich v Consolidated Edison Co.*, 78 N.Y.2d 509 (1991) ................................................ 7

*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* 81 N.Y.2d at 500...................................................................7
*Ross v. Curtis–Palmer Hydro–Elec. Co.,* 81 N.Y.2d 494 (1993)......................................................... passim
*Runner v. New York Stock Exch., Inc.,* 13 N.Y.3d 599 (2009)......................................................................9
*Russin v. Picciano & Son,* 54 N.Y.2d 311 (1981)......................................................................................18
*Samiani v. New York State Elec. & Gas Corp.,* 199 A.D.2d 796 (3d Dept. 1993)....................................22
*Sereno v. Hong Kong Chinese Rest.,* 912 79 A.D.3d 1414 (3d Dept 2010).................................................9
*Thompson v St. Charles Condominiums,* 303 A.D.2d 152 (1st Dept 2003)................................................8
*Vergara v. SS 133 West 21, LLC,* 21 A.D.3d 279 (1st Dept 2005) ............................................................17
*Weininger v. Hagedorn & Co.,* 91 N.Y.2d 958 (1998) ..............................................................................10
*Winkelman v. Alcan Aluminum Corp.,* 256 A.D.2d 1126 (4d Dept. 1998.................................................23
*Yedynak v. Citnalta Const. Corp.,* 22 A.D.3d 840 ....................................................................................10
*Zimmer v. Chemung County Performing Arts,* 65 N.Y.2d 513 (1985)....................................................7, 9

Plaintiff Joseph Gigantino, through undersigned counsel Kreindler & Kreindler, LLP respectfully submits this memorandum of law in support of Plaintiff's opposition to Defendants Turner Construction Company and Delta Airlines, Inc.'s Motion for Summary Judgment and Plaintiff's cross-motion for partial summary judgment on liability under New York Labor Law §240, in plaintiff's favor.

## Summary Statement

Defendants' motion must be denied as it relies on material facts that are in dispute, and therefore, must be found in favor of the non-moving party. In contrast, Plaintiff's motion should be granted because none of the material facts that support a §240 claim here are in dispute.

New York Labor Law §240 known as the "Scaffold Law" is a strict liability law that, among other things, affords contractors with remedies for their full damages if they are injured due to a fall from a height while working. Mr. Gigantino is entitled to partial summary judgment on liability because there is no dispute that he was injured when he fell from an elevated work platform while performing tile work and that Defendants failed to provide him with any protection from the fall. There is no dispute that Defendants authorized the use of the Kwik Bench work platform on this job and on the day of the accident. Defendants' incorrectly claim that the work platform itself *was a safety device* designed to protect workers from a fall. This argument makes no sense. A work platform is the vehicle that allows a contractor to work at an elevation, it does not prevent a fall and does not provide the contractor with a safe work area unless it large enough and/or has railings that would prevent a fall. There is no dispute that this platform had no railings and that it was not even wide enough to have Mr. Gigantino's feet stay on the 9 inch wide planking when his foot was almost 12 inches long. There is no dispute that Defendants did not provide any other fall protection, such as harness with a lanyard and anchor,

1

or a spotter to shore up and prevent a fall or catch Mr. Gigantino in the event that he lost his balance. Defendants have failed to meet their burden to show that the fall was 100% Mr. Gigantino's fault, such as a worker ignoring a specific safety warning from Defendants to prevent the fall, as §240 requires.

## Factual Background

Mr. Gigantino was employed as a ceramic tile finisher by Atlantic Exterior Wall System, working on a construction job as a sub-contractor for defendant Turner Construction Co. ("Turner") in the bathroom of the Delta Sky Club at Terminal 4 at JFK International Airport on January 23, 2013. (Pl. Material Facts at ¶¶ 1, 17, 18, 19).[1] At the time of the accident, Mr. Gigantino was standing on a work bench, known as a Kwik Bench, approximately two and a half feet off the ground, inspecting and fixing tile work near the top of the nine (9) foot bathroom walls in one of the handicap bathroom stalls. (Pl. Material Facts at ¶¶ 20, 54, 61). The use of this work bench was authorized by defendant Turner, and no other fall protection was provided by Turner for work in the bathroom. (Pl. Material Facts at ¶ 31). Mr. Gigantino requested that Turner delay the installation of toilets in the stalls until after all of the tile work was finished so that the work space would be free and clear and allow workers to work on the walls and position the Kwik Bench anywhere it was needed. (Pl. Material Facts at ¶¶ 39, 40). Instead, Turner had the toilets installed in the bathroom stalls before all the tile work could be completed and, thereby, created a more dangerous condition because the Kwik Bench would no longer fit in certain locations of the stall, making it more difficult to reach tiles near the ceiling. (Pl. Material Facts at ¶ 41, 52, 61, 80(vi)).

---

[1] Citations refer to the individual paragraphs found in Plaintiff's Undisputed Material Facts submitted pursuant to Local Civil Rule 56.1(a), hereafter citations will be designated as "Pl. Material Facts".

2

While working atop the work bench, Mr. Gigantino extended his arms upward and to the right as he moved across the narrow 9" wide platform that was 48" long and lost his footing and balance. (Pl. Material Facts at ¶ 63-66). He fell to the right and backwards onto the recently installed toilet and to the ground. (Pl. Material Facts at ¶ 66-68). He sustained broken ribs, spinal herniations requiring disectomy surgery at L4-L5 and cervical fusion at C5-6 and C6-7 of his neck as well as left shoulder separation with rotator cuff and labral tears requiring surgery and permanent numbness and weakness in his arms and hands. Mr. Gigantino has been unable to work since the accident.

## ARGUMENT

### *Summary Judgment Standard*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is to be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must establish that there is no issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 312. In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255; *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Indeed, the

Supreme Court has stated that trial courts should exercise caution in granting summary judgment. The Court must not resolve factual disputes or make credibility determinations. *Gallo v. Prudential Residential Services, Ltd. Partnership,* 22 F.3d 1219 (2d Cir. 1994). Any assessments of credibility and all choices between available inferences are matters to be left for a jury. *Azrielli v. Cohen Law Offices,* 21 F.3d 512, 517 (2nd Cir. 1994).

### *Scaffold Law - New York Labor Law §240*

Every year, hundreds of workers are injured or killed as a result of a fall from an elevation in the construction industry. The NY Legislature and Courts have long held that it is the general contractor's and commercial land owner/lessee's responsibility to ensure that anyone working at an elevation be protected from a fall. Section 240 imposes strict liability upon the general contractor and land owner/lessee even when there is no per se violation of OSHA regulations or building and safety codes. The New York Court of Appeals has recently made clear that Labor Law §240 **"imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevated-related risks."** Scaffold cases frequently result in a finding of partial summary judgment in favor of plaintiffs by NY courts.

Mr. Gigantino's accident and injuries were foreseeable. Turner had a duty to prevent the accident and there were steps that Turner could have and should have taken to prevent the accident. Defendants' own expert John Tomich admitted that Mr. Gigantino was at risk for a fall and injury while working on the elevated platform alone in a confined space that was more difficult to access after the toilets were installed. *See* Pl. Material Facts at ¶ 80. Turner exercised supervisory control over the work in the bathrooms, and they authorized the use of the

Kwik Bench scaffolding without requiring or suggesting any other safety protection from a fall. Defendants, relying on their expert, contend that because there was no defect in the bench scaffold itself, and that Plaintiff lost his balance, that he is the sole cause of his injuries. This is insufficient to rebut the long line of cases under NY Labor Law §240.

Turner should have provided a safer, larger, longer and wider scaffold that had railings; provided a safety harness & lanyard that would arrest any fall from a scaffold; provided another contractor to act as a spotter for Mr. Gigantino in case he lost his balance; and/or should *not* have installed the toilet before the tile work was completed because it interfered with Mr. Gigantino's ability to safely reach, inspect, and work on all tiles without losing his balance. This accident was totally preventable and Turner and landlord Delta had a legal obligation to protect Mr. Gigantino from this fall. Mr. Gigantino is entitled to summary judgment on his Labor Law §240 claim since Turner and Delta failed in their obligation to provide him with an appropriate safety device to protect him from a fall. The strict liability count for Labor Law §240 Scaffold Law, is ripe for partial summary judgment in favor of plaintiff which will allow the case to proceed on a damages only track.

As to the remaining issues of fact under the separate counts under Labor Law §241 and §200, factual disputes remain that preclude summary judgment on the issues of general negligence. Namely, Defendants admit there is a factual dispute as to the correct handicap bathroom stall that the accident occurred in. The bathrooms were still under construction and according to Mr. Gigantino who worked in both male and female bathrooms, they were not marked by gender at the time of the accident. Mr. Gigantino testified he did not know which bathroom the fall occurred in but by his description, it appeared to be the male bathroom. Defendants now claim to know which bathroom it was, based on information and evidence they

have had all along that purports to show which of the two bathrooms they believe the fall occurred in. While Defendants have not produced a witness to the fall, they obtained a statement from another worker in the area who believed it was the ladies' bathroom. Defendants, instead of disclosing this information when specifically asked during discovery and inspection of the bathroom, intentionally secreted this evidence in an effort to confuse Mr. Gigantino at his deposition as to the specific bathroom location, in violation of the Federal Rules for which they were sanctioned by Magistrate Judge Reyes. *See* Docket Entry #28. Defendants obviously seek to challenge Mr. Gigantino's credibility. While this may be appropriate at trial, it is not appropriate for summary judgment. In fact, the court is either supposed to assume Mr. Gigantino's version of the accident in Defendants' motion, or rule that it is a fact dispute for the jury in denying Defendants' motion. Most significantly is Defendants' claim that the Kwik Bench itself was a safety device that would prevent a fall. Consequently, there are facts in dispute regarding which bathroom the accident occurred in as well as other facts which prevent the Court from disposing of the general negligence claim under Labor Law §200 and §241 in the general negligence count of the complaint.

### a. Elements of the Scaffold Law Have Been Met by Plaintiff.

The elements of the Scaffold Law applicable to this case are:

(1) construction, demolition, or renovation work on a commercial property wasbeing performed at the time of the accident;

(2) the work being performed was knowingly authorized and being conducted from an elevated work platform off the ground;

(3) the worker fell from an elevated height;

(4) the worker sustained injuries causally related to the fall from the elevated height; and