

Laura Ashley Martin | Partner
Direct 914.798.5479 | lmartin@goldbergsegalla.com

February 22, 2016

<u>Via ECF</u>

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N208
Brooklyn, N.Y. 11201

      Re:    Jose Gigantino v. Delta
            Case No.:    14-CV-3619-RRM-RER
            GS File No.:    4106.0008

Dear Judge Reyes:

      Our office represents the Defendants in the above referenced matter. I write to request a pre-motion conference consistent with Your Honor's Individual Rules. It is our intention to file a motion to compel plaintiff to pay for the expert witness fees associated with Mr. Tomich's deposition.

      Defendants' expert, Mr. Tomich was produced for his deposition on August 18, 2015, at plaintiff's request. Fed. R. Civ. P. 26(b)(4)(E) states that, "the court must require that the party seeking discovery (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)[deposition testimony]…." Pursuant to the body of case law on this issue, the expert's preparation and travel time are also compensable by the opposing party under this rule. *See, e.g., New York v. Solvent Chem. Co.*, 210 F.R.D. 462 (W.D.N.Y. 2002); *Equal Employment Opportunity Comm. v. Johnson & Higgins, Inc.*, 1999 U.S. Dist. LEXIS 478 (S.D.N.Y. 1999); *Bonner v. American Airlines, Inc.,* 1997 U.S. Dist. LEXIS 20836 (S.D.N.Y.1997); *Magee v. Paul Revere Life Ins. Co.,* 172 F.R.D. 627, 647 (E.D.N.Y. 1997); *McHale v. Westcott,* 893 F. Supp. 143, 151 (N.D.N.Y. 1995).

      Defendants have submitted the invoice for Mr. Tomich's deposition associated fees to plaintiff on multiple occasions requesting payment. Specifically, Defendants have submitted the invoice to plaintiff on three occasions since October. The undersigned also engaged in an email exchange citing the pertinent case law with plaintiff's counsel in January, again requesting that plaintiff pay Mr. Tomich pursuant to the Federal Rules. Counsel have met and conferred and are unable to agree on a resolution of this issue as plaintiff's counsel maintains his position that he does not have to pay for Mr. Tomich's deposition related time until he receives all of Mr. Tomich's invoices to Defendants. Thus, to date, despite the meet and confer, plaintiff has refused to pay Mr. Tomich and is in violation of the Federal Rules. Further, Defendants have engaged in good faith efforts to resolve this dispute and it is clear that the Court's intervention is required.

Page 2

      Based on the foregoing, Defendants are requesting permission to file a motion to compel plaintiff to pay Mr. Tomich.

      Thank you for your time and consideration.

                                                Very truly yours,

                                                */s/ Laura Ashley Martin*

                                                Laura Ashley Martin

LAM

CC:    Plaintiff's counsel - KREINDLER & KREINDLER, LLP via ECF