

Ashley DeVito Grater | Associate
Direct 914.798.5438 | agrater@goldbergsegalla.com

February 13, 2017

<u>Via ECF</u>

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N208
Brooklyn, N.Y. 11201

    Re: Gigantino v. Turner et al.
       Case No.: 14-CV-3619-RRM-RER
       GS File No.: 4106.0008

Dear Judge Reyes:

  As you know, our office represents the Defendants in the above referenced matter. I write to request permission to file a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in light of Plaintiff's 13 page Requests for Admission attached hereto as Exhibit A. The parties conducted the requisite meet and confer amongst counsel via telephone and were unable to come to a resolution. Plaintiff refuses to withdraw his Requests, and Defendant cannot agree to respond to them for the reasons set forth below.

  As an initial matter, although the Plaintiff's Requests for Admission references Exhibits A through X, no exhibits were attached to the document. Regardless, Defendants object to each and every Requests for Admission. The Requests for Admission contain <u>100 statements</u> which are all improper and served untimely.

  First, the statements numbered 1 through 85 are titled "general background of the project," "Atlantic's work," "Supervision," "Use of the Kwik Bench," "The Incident," "Mr. Gigantino," and "Expert evidence by Defendant Turner." <u>As Plaintiff's counsel is well-aware, liability discovery ended in 2015 and thus, his Requests for Admission on these issues is completely time-barred</u>. If Plaintiff's counsel felt the need to serve Requests for Admission on these topics, he should have done so within the time frame allotted by Court's liability discovery order. Given the timing of this Requests for Admission, Plaintiff is time-barred from serving same. *See Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.* 298 F.3.d 600 (7th Cir. Ill. 2002) ("Where requests for admissions were served 5 days before court's discovery cutoff date, and less than 30 days before trial date, requests were untimely"); *see also Cotter v. Prudential Fin.*, 238 FRD 567. (N.D. W. Va. 2006).

11 Martine Avenue, Suite 750 | White Plains, NY 10606-1934 | 914.798.5400 | Fax 914.798.5401 | www.GoldbergSegalla.com
NEW YORK | ILLINOIS | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM
6142812.1

Additionally, most of the statements reference deposition testimony of either the Plaintiff himself, Defendants' witness and Defendants' expert - all evidence already in the record. Further, the information Plaintiff seeks is outside the knowledge of the Defendants. For example, Plaintiff's counsel seeks an admission that Plaintiff "stood five feet eight inches tall" and that his "shoe size is 10.5-11." (Exhibit A, p. 7). Such facts are known to the Plaintiff and are outside the knowledge of Defendants. Defendants are unable to confirm or deny the Plaintiff's height and shoe size. This is just one example of Plaintiff's improper Requests for Admission. These are statements that could be discussed in preparation and drafting of the Joint Pre-Trial order. However, at this juncture, Plaintiff's use of Requests for Admission is completely improper.

The next set of statements, numbered 86-100, deal with Plaintiff's medical treatment, worker's compensation payments, and alleged disability. Defendants cannot admit or deny medical findings and findings of disability since Defendants are not experts in those fields. For example, Plaintiff's counsel seeks an admission (or denial) regarding pain medication prescribed to the Plaintiff as well as the findings of multiple diagnostic films. Defendants are simply not medical doctors or radiologists and thus, cannot respond to statements regarding medical treatment or MRI/x-ray findings. These requests are improper.

While the purpose of Rule 36 and Requests for Admission is to expedite and steam line litigation and save litigants valuable time and money, which would otherwise require complex costly discovery procedures such as interrogatories, depositions, and requests for production, here Plaintiff's Requests for Admission are doing exactly the opposite. Rather than relying on the sworn record in front of him, Plaintiff seeks numerous admissions regarding issues and facts that were already testified to. These Requests for Admission do not limit, narrow, or clarify anything. They simply seek to burden Defendants with unnecessary Requests on improper topics. As was fleshed out in detail in the last discovery issue before Your Honor, all liability discovery has been completed and the parties have already expended substantial time and money and proceeded with complex discovery. Thus, Plaintiff's Requests for Admission serve no purpose other than to harass and burden the Defendants.

Given the Court's decision on Defendants' motion for summary judgment, there remains issues of fact with respect to two contradictory versions of where and how the accident occurred and there are acknowledged credibility issues with respect to Plaintiff's testimony. As such, Defendants cannot respond to Plaintiff's Requests for Admission that attempt to curtail Defendants' cross-examination of Plaintiff at trial. Defendants should not be required to concede that Plaintiff's version of events are true, as the Court has already identified a conflicting version of events in its summary judgment Decision and Order Thus, the goal of efficiency underlying Rule 36 is not frustrated in any meaningful way by Defendants objecting to Plaintiff's Requests for Admission because the Court has already ruled on these issues. Plaintiff cannot use the Requests for Admission to circumvent that ruling.

6142812.1

Page 3

In light of the foregoing, Defendants respectfully request permission to file a motion for a protective order to not have to respond to Plaintiff's unduly burdensome, untimely, and improper Requests for Admission that address discovery that is closed and seek admissions on the heart of the case that the Court has already ruled upon. Defendants are available to discuss this issue at the Court's convenience.

Very truly yours,

*/s/ Ashley DeVito Grater*

Ashley DeVito Grater

ATD

CC:   Plaintiff's counsel - KREINDLER & KREINDLER, LLP via ECF

6142812.1