

Laura Ashley Martin | Partner
Direct 914.798.5479 | lmartin@goldbergsegalla.com

May 17, 2017

<u>Via ECF</u>

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N208
Brooklyn, N.Y. 11201

      Re:    Gigantino v. Turner et al.
            Case No.:   14-CV-3619-RRM-RER
            GS File No.:  4106.0008

Dear Judge Reyes:

    As you know, our office represents the Defendants in the above referenced matter. I write to request a pre-motion conference regarding a motion to exclude Plaintiff's May 5, 2017, expert disclosure of Dr. Shah as untimely.

    As the Court is aware, the damage discovery deadlines were Court Ordered on November 9, 2016. On that date the Court adopted the scheduled proposed via letter dated November 8, 2016, (document no. 61), which is attached hereto as Exhibit A for ease of reference. That Order provided for Plaintiff's damages experts to be disclosed by February 1, 2017. Plaintiff did disclose several doctors by that date. On May 5, 2017, however, Plaintiff served an expert disclosure for Dr. Shah, who was not previously identified as an expert in this matter, and that disclosure was received by the undersigned on May 8, 2017. A copy of that disclosure is attached hereto as Exhibit B. That expert disclosure is based on a report from Dr. Shah dated May 12, 2014. Clearly that information was known and available to Plaintiff prior to the February 1, 2017. Plaintiff's counsel has labeled the report a "rebuttal" expert report but nothing in the damages discovery Order allowed for rebuttal reports nor does the 2014 report from Dr. Shah address or rebut Defendants' experts in any way.

    Fed. R. Civ. P. 26(a)(2)(D) permits the disclosure of expert evidence in accordance with the Court's Order. Subsection (ii) permitting rebuttal expert reports does not apply to the instant case because subsection (ii) only applies "absent a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(D). Here there is an Order and it does not permit this exchange. Moreover, even if the Court considers subsection (ii), that requires an exchange of rebuttal evidence "within 30 days after the other party's disclosure" and Defendants' expert reports were served on March 16, 2017. May 5, 2017, is more than 30 days past that date. Accordingly, Defendants submit that the disclosure of Dr. Shah is untimely and should be stricken, and Plaintiff should be barred from calling Dr. Shah as a witness at trial or using his report.

11 Martine Avenue, Suite 750 | White Plains, NY 10606-1934 | 914.798.5400 | Fax 914.798.5401 | www.GoldbergSegalla.com
NEW YORK | ILLINOIS | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM
6689820.1

Page 2

      In light of the foregoing, Defendants request the opportunity to fully brief this issue and file a formal motion with the Court. The undersigned is available at the Court's convenience to discuss the foregoing.

                                           Very truly yours,

                                           */s/ Laura Ashley Martin*

                                           Laura Ashley Martin

LAM

CC:    Plaintiff's counsel - KREINDLER & KREINDLER, LLP via ECF

6689820.1