UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH GIGANTINO,

                Plaintiff,

-against-

TURNER CONSTRUCTION COMPANY; and
DELTA AIRLINES, INC.,

                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-3619 (RRM) (RER)

ROSLYNN R. MAUSKOPF, United States District Judge.

On June 9, 2014, plaintiff Joseph Gigantino commenced this action against defendants Turner Construction Company ("Turner") and Delta Airlines, Inc. ("Delta"), alleging violations of New York Labor Law §§ 240(1), 240(6), and 200. (Compl. (Doc. No. 1).) Turner and Delta moved for summary judgement, (Mot. Summ. J. (Doc. No. 39)), and Gigantino opposed the motion and cross-moved for partial summary judgment. (Opp'n to Mot. for Summ. J. (Doc. No. 48).) The Court denied the parties' cross-motions for summary judgment. (Mem. and Order (Doc. No. 55).) Turner and Delta now move for reconsideration of the Court's denial of summary judgment.[1] (Mot. Recon. (Doc. No 56).) For the reasons stated herein, defendants' motion for reconsideration is denied.

---

[1] Separately, Gigantino moves pursuant to Federal Rule of Civil Procedure 72(a), (Doc. Nos. 68, 80), objecting to two of Magistrate Judge Reyes's discovery orders. (*See* Order of 2/22/17; Order of 6/19/2017.) Specifically, Gigantino objects to Judge Reyes granting defendants' motion to exclude rebuttal expert testimony and granting a protective order against plaintiff's requests for admission. (*Id.*) Under Rule 72(a), when a magistrate judge rules on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed .R. Civ. P. 72(a). Under this standard of review, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (citation omitted). Here, Gigantino fails to point to any controlling authority contrary to Judge Reyes's discovery orders. Accordingly, "[p]ursuant to this highly deferential standard of review," Gigantino has failed to meet the "heavy burden" required to displace Judge Reyes's discovery orders. *Garcia v. Benjamin Grp. Entm't Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (internal citations omitted).

## STANDARD OF REVIEW

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Electronics Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010) (internal quotation marks and citation omitted)). Under Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, "[a] motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *In re N.Y. Cmty. Bancorp, Inc., Secs. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (internal quotation marks and citation omitted). It "may not . . . be used as a vehicle for relitigating issues already decided by the Court," *id.*, at *1 (internal quotation marks and citation omitted), and "[a] moving party may not merely reiterate or repackage an argument previously rejected by the court," *In re N.Y. Cmty. Bancorp*, 244 F.R.D. at 160. In other words, a motion for reconsideration "is not an opportunity for a second bite at the apple." *Id.* (internal citation and quotation marks omitted).

## DISCUSSION

In support of their motion for reconsideration, Turner and Delta argue that the Court made three errors in denying their motion for summary judgment. (*See generally* Mot. Recon.) However, Turner and Delta fail to point to any overlooked controlling law or facts. As such,

defendants' arguments amount to nothing more than an attempted "second bite at the apple." *In re N.Y. Cmty. Bancorp*, 244 F.R.D. at 160. Accordingly, the motion for reconsideration is denied.

I.   **Adequate Safety Device under § 240(1)**

Labor Law § 240(1) imposes non-delegable, strict liability upon commercial property owners and general contractors to provide safety devices to protect workers from elevation-related risks. *Godoy v. Neighborhood P'ship Housing Dev. Fund Co., Inc.*, 104 A.D. 3d 646 (N.Y. App. Div. 2013). Specifically:

> All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

N.Y. Lab. Law § 240 (McKinney). "[L]iability under § 240(1) is 'absolute' insofar as a plaintiff who demonstrates that a violation of the statute was the proximate cause of his injury, cannot have his recovery reduced by a claim that the plaintiff was also partially responsible for the injury." *Wojcik v. 42nd St. Dev. Project*, 386 F. Supp. 2d 442, 450 n.8 (S.D.N.Y. 2005) However, an injured worker must show, at a minimum, that a relevant safety device was absent or defective and that such absence or defect was a proximate cause of a gravity-related injury. *See Narducci v. Manhasset Bay Assocs.*, 96 N.Y.2d 259, 267–68 (N.Y. 2001).

In their motion for reconsideration, Turner and Delta argue that the bench from which Gigantino fell provided him with proper protection, and that Gigantino's actions were the sole cause of his injury. (Mot. Recon. at 10.)[2] In support of this argument, Turner and Delta point to the testimony of expert witness John Tomich asserting that the bench was an adequate safety

---

[2] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

device, and that "recreations" of the accident "proved Gigantino was afforded proper protection." (*Id.* at 10–11.) However, Turner and Delta made these exact arguments in their initial motion for summary judgment. (*See* Mem. and Order at 6–7.) The Court found that material disputes of fact remain as to whether the bench provided adequate protections under § 240(1), and whether Gigantino lost his balance when straining to reach the wall or if he simply "walked off" the bench. (*Id.* at 7.) Turner and Delta point to no overlooked facts or controlling case law. Rather, they "merely reiterate or repackage an argument previously rejected by the court." *In re N.Y. Cmty. Bancorp*, 244 F.R.D. at 160. Accordingly, defendants' motion is denied with respect to § 240(1).

## II. Industrial Code Violations under § 241(6)

Labor Law §241(6) states,

All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith.

N.Y. Lab. Law § 241 (McKinney). In order to recover under Labor Law § 241(6), Gigantino must establish a violation of an applicable Industrial Code provision. *See, e.g., Cun-En Lin v. Holy Family Monuments*, 18 A.D.3d 800, 802 (2d Dep't 2005). Turner and Delta challenge this Court's determination that material disputes of fact remain with respect to 12 NYCRR §§ 23-5.1 and 23-5.2.

Industrial Code § 23-5.1(e)(5)(i) allows bench scaffolds "not less than nine inches in width" to be used where "the working platforms are not more than 24 inches above the floor or other supporting surface." The minimum width of scaffolds more than 24 inches high is eighteen

4

inches. 12 NYCRR § 23-5.1(e)(5). Turner and Delta argue that this provision is inapplicable, because the parties agree that the bench was exactly nine inches wide. (Mem. and Order. at 9.) However, while the parties agree that the bench was nine inches wide, material issues of fact remain regarding the height of the bench at the time of Gigantino's fall. (*Id.*) If the bench was higher than 24 inches, then use of the bench may have violated Labor Law § 241(6). In their motion for reconsideration, Turner and Delta ignore the differing height requirements and argue that the Code "is not applicable on its fac[e]" because the bench was nine inches wide. (Mot. for Recon. at 10). They point to no overlooked controlling case law or facts.

In turn, Industrial Code § 23-5.2 provides that "[t]he use of any scaffold of a type not named, specified or described in this Part (rule) is prohibited unless such scaffold has been granted a special approval." 12 NYCRR § 23-5.2. Turner and Delta argue that no special permission was required under this provision, because the bench at issue "*was identified and described* in § 23-5.1(e)(5)(i)." (Mot. for Recon. at 15 (emphasis in original).) However, § 23-5.1(e)(5)(i) does not approve of a scaffold nine inches in width for use over 24 inches off the ground. Material disputes of fact remain with respect to the height of the bench. (Mem. and Order at 9.) If the nine inch bench was at a height greater than 24 inches, special permission would have been required under § 23-5.2. Turner and Delta point to no overlooked facts or controlling law to the contrary. Accordingly, defendants' motion to reconsider is denied with respect to § 241(6).

### III. Common-law Negligence Under § 200

Labor Law § 200 requires that employers ensure that workplaces "provide reasonable and adequate protection [for] the lives, health and safety of all persons employed therein or lawfully frequenting such places." N.Y. Lab. Law § 200 (McKinney). Section 200 applies only to

owners and contractors who actually exercise control or supervision over the work and had actual or constructive notice of the unsafe condition that caused the plaintiff's injury. *See Russo v. Hudson View Gardens, Inc.*, 91 A.D.3d 556, 557 (1st Dep't 2012). In other words, an owner or general contractor can be held liable under § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition. *Ortega v. Puccia*, 57 A.D.3d 54, 61 (1st Dep't. 2008).

Here, this Court previously determined that "there are questions of fact as to whether defendants had the authority to supervise or control the work that resulted in Gigantino's injury" and "as to whether the installation of a toilet constituted an unsafe condition that led to Gigantino's injury and whether defendants had notice of this alleged unsafe condition." (Mem and Order at 11.) Specifically, the parties agree that Turner employees had the general responsibility for ensuring the site's compliance with safety regulations, and that Delta had a safety plan for the worksite, inspected the work as it was completed, and marked areas of concern that needed to be fixed. (*Id.*) Gigantino also introduced evidence – disputed by Turner and Delta – that Turner's employees regularly directed subcontractors on how to do their work and prevented them from using particular kinds of scaffolds. (*Id.*)

In their motion for reconsideration, Turner and Delta rehash old arguments and assert in conclusory fashion that Turner's supervision "*did not* qualify as the direction and control intended by the legislature." (Mot. for Recon. at 16 (emphasis in original).) However, they fail to point the Court to any overlooked facts or controlling case law contrary to the Court's denial of summary judgment. For example, Turner and Delta repeatedly cite generally to *Robinson v. County of Nassau*, 84 A.D.3d 919 (2d Dep't 2011) for the proposition that general supervisory work is insufficient to maintain a § 200 claim. (*See, e.g.*, Mot. for Recon. at 11; Reply (Doc. No.

60) at 4.) However, *Robinson* fails to shed any light on whether in *this case* the extent of Turner and Delta's control and supervision was sufficient to implicate § 200. *Robinson*, 84 A.D.3d at 920 ("The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's accident arose from the means and methods of his work, that the plaintiff's work was directed and controlled exclusively by his employer, and that they had no authority to exercise supervisory control over his work."). Material disputes of fact with respect to Turner and Delta's control and supervisory capacity remain. Accordingly, Turner and Delta have failed to meet the exacting burden to sustain a motion for reconsideration.

## CONCLUSION

For the reasons stated herein, Turner and Delta's motion for reconsideration (Doc. No. 56) is denied. Gigantino's objections to Magistrate Judge Reyes's discovery orders (Doc. Nos. 68, 80) are denied.

SO ORDERED.

Dated: Brooklyn, New York
Aug 16, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge